COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

CROWDER CONSTRUCTION COMPANY
AND
LIBERTY MUTUAL INSURANCE COMPANY

MEMORANDUM OPINION[*]
v.   Record No. 1779-97-1                    PER CURIAM
                                          DECEMBER 9, 1997
WAYNE E. ELLIS

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(R. Ferrell Newman; Thompson, Smithers,
Newman & Wade, on brief), for appellants.

(Randolph A. Raines, Jr.; Ferguson, Rawls,
MacDonald, Overton & Grissom, on brief), for
appellee.


Crowder Construction Company and its insurer (hereinafter
referred to as "employer") contend that the Workers' Compensation
Commission erred in denying its application alleging a
change-in-condition on the ground that employer failed to prove
that Wayne E. Ellis' current pulmonary symptoms were no longer
causally related to his compensable August 30, 1996 injury by
accident.  Upon reviewing the record and the briefs of the
parties, we conclude that this appeal is without merit.
Accordingly, we summarily affirm the commission's decision.  Rule
5A:27.

On appeal, we view the evidence in the light most favorable
to the party prevailing below.  See R.G. Moore Bldg. Corp. v.

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "General principles of workman's compensation law provide that '[i]n an application for review of any award on the ground of change-in-condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). Unless we can say as a matter of law that employer's evidence sustained its burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying employer's change-in-condition application, the commission found as follows:

> [E]mployer has not proven that [Ellis] has recovered from the effects of his toxic exposure and returned to his pre-injury state. [Ellis'] treating internist, Dr. [G. Wyatt] Webb, did not release him to return to work when he saw [Ellis] on October 17, 1996. Dr. [F.D.] Elias stated that much of the disease was present before the injury, but the injury has exacerbated his pre-existing disease. Even Dr. [Scott] Irby answered "yes" and "no" to the question whether the current complaints of shortness of breath and weakness are related to the injury. Although both Dr. Irby and Dr. Elias note that the mass caused by the inhalation injury has resolved, this does not indicate that the current symptoms are unrelated to the injury or that [Ellis] has returned to his pre-injury state. The employer is responsible for an injury which aggravates or accelerates a pre-existing condition.

2

Employer relied upon the opinions of Dr. Irby. However, as the commission correctly noted, although Dr. Irby opined on November 6, 1996 that Ellis' current treatment was related to his chronic lung condition, Dr. Irby also opined that Ellis' current complaints of shortness of breath and weakness were, at least in part, causally related to his compensable injury by accident. Based upon Dr. Irby's conflicting statements, the commission was entitled to give little weight to his opinions. "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). Absent Dr. Irby's opinion, there is no persuasive medical evidence that claimant's symptoms were no longer causally related to the compensable aggravation of his pre-existing chronic obstructive pulmonary disease. Accordingly, we cannot say that employer's evidence sustained its burden of proof as a matter of law.

For these reasons, we affirm the commission's decision.

Affirmed.